**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ERIC CRUZ**
  *Plaintiff,*

  vs.          **Case No.**  _____

**YOUFIT HEALTH CLUBS, LLC,**
**ALDOUS & ASSOCIATES, PLLC**, and
**JEFFREY N. ALDOUS,**
  *Defendants.*
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Mr. Eric Cruz, ("**Mr. Cruz**"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendants, Youfit Health Clubs, LLC, ("**Youfit**") Aldous & Associates, PLLC ("**Agency**") and Jeffrey N. Aldous ("**Aldous**") and states as follows:

## PRELIMINARY STATEMENT

1. This is an action brought by Mr. Cruz against Youfit, Agency and Aldous for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* ("**FDCPA**"), and the Florida Consumer Collection Practices Act, Section 559.55, Florida Statutes, *et. seq.* ("**FCCPA**").

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k(d) and the FCCPA, section 559.77(1), Florida Statutes.

3. Youfit, Agency and Aldous are subject to the provisions of the FDCPA and the FCCPA, and are subject to the jurisdiction of this Court pursuant to 28 U.S.C § 1331.

4. Supplemental jurisdiction arises for state law claims under 28 U.S.C. § 1367.

5.      Venue is proper in this District because the acts complained of were committed and / or caused by Defendants within the District.  28 U.S.C. §§ 1391(b) and (d).

## PARTIES

6.      Mr. Cruz is a natural person residing in Hillsborough County, Florida and is a "consumer" as defined by 15 U.S.C. § 1692a(3) and section 559.55(8), Florida Statutes.

7.      Youfit is a Delaware limited liability company with a primary business address of **1350 E Newport Center Drive, Ste. 200, Deerfield Beach, FL 33442**.

8.      The Florida Registered Agent for Youfit is **Christy Stross, 6475 1st Ave South, St. Petersburg, FL 33707**.

9.      Agency is a Utah Professional Limited Liability Company; specifically a law firm.

10.     Agency's address is **4659 S 2300 E, Ste. 104, Holladay, UT 84117**. **SEE PLAINTIFF'S EXHIBIT A.**

11.     Despite engaging in trade and commerce within Florida, Agency has failed to register as a foreign entity doing business in Florida with the Florida Secretary of State and has no Florida registered agent.

12.     Even though Agency has not registered with the Florida Secretary of State, Agency does hold a consumer collection agency license, number CCA9903256, with the Florida Office of Financial Regulation. *Id.*

13.     The Utah Registered Agent for Agency is Jeffrey Aldous, **4262 Imperial Way, Provo, UT 84604**. **SEE PLAINTIFF'S EXHIBIT B**.

14.     Aldous is a natural person, a licensed attorney, the registered agent of Agency, and the manager of Agency.

15.     Aldous' business address is **4262 Imperial Way, Provo, UT 84604**.

16.     Agency is a debt collector within the meaning of 15 U.S.C. § 1692a(6) and Section 559.55(7), Florida Statutes, in that it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

17.     Aldous is a debt collector within the meaning of 15 U.S.C. § 1692a(6) and Section 559.55(7), Florida Statutes, in that it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

18.     Youfit is an original creditor who, in the process of collecting its own debts, used a name other than its own to collect a debt, specifically Aldous & Associates, indicating that a third-party was collecting or attempting to collect such debts, making YouFit a debt collector subject to the provisions of the FDCPA.  See 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

19.     At some point during prior to April 2015, Mr. Cruz allegedly defaulted on a contract for a gym membership with Youfit (the alleged "**debt**").

20.     The alleged debt relates to an athletic club membership used for personal purposes.

21.     The debt was for a service for family, personal, or household purposes meeting the definitional requirements of "debt" as provided within 15 U.S.C. § 1692a(5) and 559.55(6), Florida Statutes.

22.     At some point, the debt was transferred to, sold to, or placed with Agency for collection.

23. On April 2, 2015 at approximately 2:54 PM, Youfit sent an email to Mr. Cruz from the email address info@youfithealthclubs.com (the "**email**"). **SEE PLAINTIFF'S EXHIBIT C.**

24. This email address belongs to, and is utilized, by Youfit. *Id.*

25. The top portion of the email displayed the Youfit logo, website, and phone number, "888-YouFit-1." *Id.*

26. The opening text of the email stated:

Greetings ERIC CRUZ ,(SIC) We at YouFit Health Clubs value you and your health and fitness. Unfortunately, on 5/7/2014, your agreement fell behind on payments and was placed with our legal collection effort, Aldous & Associates. In an effort to make the process easier for you, we have directed and authorized Aldous & Associates to offer you the below two options to resolve your past due balance. We appreciate your business and hope to see you again at Youfit Health Clubs! *Id.*

27. The email was a communication from Youfit directly to Mr. Cruz indicating that Agency was acting under Youfit's control and direction and attempting to leverage Agency's involvement to coerce payment.

28. In the middle of the email, two settlement options were presented:

Option 1: JUST $99 (best value):
TO CLEAR YOUR DEBT & RECEIVE A COMPLIMENTARY
ONE-YEAR MEMBERSHIP TO YOUFIT HEALTH CLUBS ($208 VALUE). *Id.*

Option 2: JUST $50:
TO CLEAR YOUR ACCOUNT OF DEBT & PAST DUE AMOUNT WITH YOUFIT HEALTH CLUBS. THIS IS $356.79 LOWER THAN THE CURRENT BALANCE. *Id.*

29. According to Webster Dictionary, *complimentary* means given for free. **SEE PLAINTIFF'S EXHIBIT D.**

30.     These statements are deceptive and misleading to an unsophisticated consumer regarding the benefits of paying the higher price of $99, purported to be the "best value" since this higher-priced option provided an ostensibly *free* one-year gym membership when, in reality, the membership costs an additional $49.

31.     The email continued stating that these "amnesty offers" are available only until April 30, 2015, or 28 days from the date the email was sent. **SEE PLAINTIFF'S EXHIBIT C.**

32.     The email also stated that the communication was from a debt collector and any information obtained would be used for that purpose. *Id.*

33.     The email was  electronically signed using the signature block "Sincerely, Aldous & Associates, P.L.L.C -- Attorneys at Law." *Id.*

34.     Despite having numerous references to the fact a law firm was involved in the collection of the alleged debt and was electronically signed by "Aldous & Associates, P.L.L.C -- Attorneys at Law," the email contained no language stating that, at this point in time, no attorney with the law firm has personally reviewed the circumstances of Mr. Cruz's case.  *Id.*

35.     At the bottom of the letter, Aldous or his associate stated: "If you request in writing proof of the debt or the name and address of the original creditor within the thirty (30) day period which begins with your receipt of this letter, the law requires **me** to suspend my efforts to collect the debt until **I** mail the required information to you." (Emphasis added). *Id.*

36.     An unsophisticated consumer, upon receiving this email which:

- makes multiple references to the fact a law firm is involved in the collection of a debt;

- is signed in the name of the law firm;

- contains first-person language; and,

- contains no disclosure that an attorney has not personally reviewed the circumstances of the case

would necessarily conclude that Mr. Aldous, or one of his associates, was personally involved in the collection of the alleged debt, and had personally reviewed and evaluated the merits of the case.

37.     An unsophisticated consumer would also conclude that legal action by the law firm, through Aldous or one of his associates, was an imminent consequence of non-payment within the time period allotted.

38.     An unsophisticated consumer would interpret the email to say that the only way to prevent imminent legal action was to choose and follow through with one of the two offered options.

39.     Upon information and belief, Aldous or his associates made no meaningful professional review of the debt or circumstances surrounding it.

40.     Upon information and belief, Aldous or his associates did not perform any meaningful legal work regarding Mr. Cruz's alleged debt.

41.     Upon information and belief, Aldous or his associates did not intend, nor did they have the authority from YouFit, to take legal action if Mr. Aldous did not pay within the allotted 28 days.

42.     In reality, the April 2, 2015 email was a bulk-mailed "form email" sent to many consumers.

43.     Debt collection form emails from an attorney, that have not been personally reviewed by an attorney and which omit that information, are deceptive. *See* Clomon v. Jackson, 988 F.2d 1314, 1320-21 (2d Cir. 1993), ("there will be few, if any, cases in which a mass-

produced collection letter bearing the facsimile of an attorney's signature will comply with the restrictions imposed by §1692e.")

44.     At the bottom of the email, a disclaimer reads, in pertinent part:

CONFIDENTIALITY NOTICE: This communication and any accompanying document(s) are confidential and privileged. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited. Moreover, any such inadvertent disclosure **shall not compromise or waive the attorney-client privilege as to this communication or otherwise.** If you have received this communication in error, please contact us by telephone at 801-272-5281. Thank you." *Id.* (Emphasis added).

45.     Based on this language, an unsophisticated consumer would falsely believe that there somehow existed an attorney-client privilege between himself and Agency.

46.     Similarly, such consumer could reasonably believe that any statements he made to Agency would be kept confidential and that he had attorney-client privilege with Aldous and his associates.

47.     This false belief would put the consumer at a disadvantage when calling the agency and attempting to speak to Aldous or one of his associates because the consumer might speak as if he were talking to his own attorney in a confidential and privileged manner.

48.     Even the mere suggestion that communications between a debtor and a law firm are confidential is inherently unfair as it suggests that the attorney is "looking out" for the debtor when the opposite is actually true.

49.     Agency advertises on its website:

The debtor will be contacted via outbound calls from our Law office and an attorney letter. Once debtor receives this legal communication, they are very motivated and serious about resolving issue [sic]." **SEE PLAINTIFF'S EXHIBIT E.**

50.     Youfit and Agency's email was a "communication" as defined by 15 U.S.C. § 1692a(2) and section 559.55(2), Florida Statutes.

51.     Agency's April 2, 2015 email represents its normal business practices.

52.     Mr. Cruz has hired the undersigned law firm to represent her in this matter and is obligated to pay its reasonable fees.

**COUNT I**
**YOUFITS' VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, _et. seq_.**

53.     Mr. Cruz adopts and incorporates paragraphs 1 through 52 as if fully restated herein.

54.     YouFit, in the process of collecting its own debts, used the name of Agency to clearly indicate that a third person was collecting and attempting to collect the debts making YouFit fall under the definition of a debt collector in this circumstance pursuant **15 U.S.C. § 1692a(6)**.

55.     YouFit's conduct violated **15 U.S.C. § 1692e** in that YouFit used false, deceptive, or misleading representations in an attempt to collect a debt by sending an email, in conjunction with Agency, that lacked a disclaimer which said that no attorney with Agency had personally reviewed the circumstances of the debt when this was, in fact, none had.

56.     YouFit's conduct violated **15 U.S.C. § 1692e** in that YouFit used false, deceptive, or misleading representations in an attempt to collect a debt by sending an email, in conjunction with Agency, that falsely stated that settlement of the debt for $99 was a better option than settlement for $50 because the higher price would provide Mr. Cruz with a "complimentary" year-long gym membership when, in fact, the complimentary year-long membership was not actually free.

57.     YouFit's conduct violated **15 U.S.C. § 1692e(10)** in that YouFit, through its alleged "legal collection effort" Agency, used deceptive means in an attempt to collect a debt by falsely implying that it would take legal action if Mr. Cruz did not chose and complete one of the repayment options within the time allotted.

58.     YouFit's conduct violated **15 U.S.C. § 1692e(10)** in that Youfit used deceptive means to attempt to collect a debt by falsely stating that settlement of the debt for $99 was a better value than settlement for $50 because the higher price would provide Mr. Cruz with a "complimentary" gym membership.

59.     YouFit's conduct violated **15 U.S.C. § 1692e(10)** in that Youfit used deceptive means in an attempt to collect a debt by stating the debt had been placed with a law firm, Agency, as part of YouFit's legal collection effort, when no attorney had meaningfully reviewed Mr. Cruz's debt.

60.     YouFit's conduct violated **15 U.S.C. § 1692e(5)** by threatening to take legal action it did not intend to take by sending an email, in conjunction with Agency, which falsely implied that YouFit's "legal collections effort" would result in legal action if the debt was not resolved within the allotted amount of time.

61.     YouFit's conduct violated **15 U.S.C. § 1692f** in that YouFit used unfair or unconscionable methods to collect a debt by sending an email, in conjunction with Agency, which falsely implied that legal action was imminent if Mr. Cruz did not resolve the debt through one of the options provided within the time period allotted.

62.     YouFit's conduct violated **15 U.S.C. § 1692f** in that YouFit used unfair or unconscionable methods to collect a debt by sending an email, in conjunction with Agency, that falsely suggested that actual attorneys had reviewed Mr. Cruz's case.

63. YouFit's conduct renders them liable for the above-stated violations of the FDCPA.

**WHEREFORE,** Mr. Cruz respectfully requests this Honorable Court enter judgment against the YouFit, jointly and severally with the other Defendants, for:

a. Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b. Unspecified actual damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

d. Such other relief that this Court deems just and proper.

### COUNT II
### AGENCY'S VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et. seq.*

64. Mr. Cruz adopts and incorporates paragraphs 1 through 52 as if fully restated herein.

65. Agency's conduct violated **U.S.C. § 1692e** in that Agency used a false, deceptive, or misleading representation in an attempt to collect a debt by falsely asserting that "attorney-client privilege" existed between Agency, through Aldous and his associates, and Mr. Cruz when such a relationship did not exist.

66. Agency's conduct violated **15 U.S.C. § 1692e** in that Agency used a false, deceptive, or misleading representation in an attempt to collect a debt by electronically signing and drafting an email, in conjunction with YouFit, that lacked a disclaimer indicating that no attorney with Agency had reviewed the matter.

67. Agency's conduct violated **15 U.S.C. § 1692e** in that Agency used a false, deceptive, or misleading representation in an attempt to collect a debt by electronically signing and drafting an email, in conjunction with YouFit, that falsely stated that a settlement of the debt

for $99 was a better option than settlement of the debt for $50 because the higher price would provide Mr. Cruz with a "complimentary" year-long gym membership.

68.     Agency's conduct violated **U.S.C. § 1692f** in that Agency used unfair or unconscionable methods to collect a debt by falsely asserting that "attorney-client privilege" existed between Agency, including Aldous and his associates, and Mr. Cruz.

69.     Agency's conduct violated **15 U.S.C. § 1692f** in that Agency used unfair or unconscionable methods to collect a debt by electronically signing and drafting an email, in conjunction with YouFit, which falsely implied that legal action was imminent against Mr. Cruz.

70.     Agency's conduct violated **15 U.S.C. § 1692f** in that Agency used unfair or unconscionable methods to collect a debt by electronically signing and drafting an email, in conjunction with YouFit, that falsely suggested that actual attorneys had reviewed Mr. Cruz's case.

71.     Agency's conduct violated **15 U.S.C. § 1692e(5)** in that Agency threatened to take legal action it did not intend to take by electronically signing and drafting an email, in conjunction with YouFit, which falsely implied they would take legal action if the debt was not resolved within the allotted amount of time.

72.     Agency's conduct violated **15 U.S.C. § 1692e(10)** in that Agency used deceptive means to attempt to collect a debt by electronically signing and drafting an email, in conjunction with YouFit, which falsely stated that settlement of the debt for $99 was a better option than settlement of the debt for $50 because the higher price would provide Mr. Cruz with a "complimentary" year-long gym membership.

73.     Agency's conduct violated **15 U.S.C. § 1692e(10)** in that Agency used deceptive means in an attempt to collect a debt by falsely implying that it would take legal action if Mr. Cruz did not chose and complete one of the repayment options within the time allotted.

74.     Agency's conduct violated **15 U.S.C. § 1692e(10)** in that Agency used deceptive means in an attempt to collect a debt by using a first-person narrative to falsely imply that the communication was also coming from Mr. Aldous or one of his associates who had reviewed the legal matter.

**WHEREFORE,** Mr. Cruz respectfully requests this Honorable Court enter judgment against the Agency, jointly and severally with the other Defendants, for:

a.      Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b.      Unspecified actual damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.      Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

d.      Such other relief that this Court deems just and proper

### COUNT III
### ALDOUS' VIOLATIONS OF THE FDCPA- 15 U.S.C. § 1692, *et. seq.*

75.     Mr. Cruz adopts and incorporates paragraphs 1 through 52 as if fully restated herein.

76.     As the legal manager of Agency, Aldous had personal control over the actions taken by it with respect to collection matters.

77.     As an attorney, Aldous had the legal responsibility for each and every email sent out under his name on behalf of his firm.

78.     Aldous allowed the email in question to be drafted and electronically signed in the name of his firm.

79.    A principal, such as Aldous, may be held liable for the acts of his agents that are within the course and scope of the agency.

80.    Aldous violated **U.S.C. § 1692e** in that Aldous used false, deceptive, or misleading representation in an attempt to collect a debt by falsely asserting, either himself or through his associates, that "attorney-client privilege" existed between Aldous, his associates and Mr. Cruz.

81.    Aldous violated **15 U.S.C. § 1692e** in that Aldous used a false, deceptive, or misleading representation in an attempt to collect a debt by electronically signing and drafting an email, either himself or through his associates and in conjunction with YouFit, that lacked a disclaimer indicating that no attorney with Agency had personally reviewed the matter.

82.    Aldous violated **U.S.C. § 1692f** in that Aldous, either personally or through his associates, used unfair or unconscionable methods to collect a debt by falsely asserting that an "attorney-client privilege" existed between Aldous, his associates and Mr. Cruz.

83.    Aldous violated **15 U.S.C. § 1692f** in that Aldous used unfair or unconscionable methods to collect a debt by electronically signing and drafting an email, either himself or through his associates and in conjunction with YouFit, which falsely implied that legal action was imminent against Mr. Cruz if he failed to choose and complete one of the provided options within the allotted time period.

84.    Aldous violated **15 U.S.C. § 1692f** in that Aldous, either personally or through his associates, used unfair or unconscionable methods to collect a debt by electronically signing and drafting an email, in conjunction with YouFit, that falsely suggested that actual attorneys had reviewed Mr. Cruz's case.

85.     Aldous violated **15 U.S.C. § 1692e(5)** in that Aldous threatened to take legal action he did not intend to take by electronically signing and drafting an email, either himself or through his associates and in conjunction with YouFit, which falsely implied that he would take legal action if the alleged debt was not resolved within the allotted time period.

86.     Aldous violated **15 U.S.C. § 1692e(10)** in that Aldous, either personally or through his associates, used deceptive means in an attempt to collect a debt by using a first-person narrative to falsely imply that Mr. Aldous or one of his associates had personally reviewed the circumstances of the debt.

87.     Aldous violated **15 U.S.C. § 1692e(10)** in that Aldous used deceptive means in an attempt to collect a debt by falsely implying that he, either himself or through his associates, would take legal action if Mr. Cruz did not chose and complete one of the repayment options within the allotted time.

88.     Aldous violated **15 U.S.C. § 1692j** in that Aldous, either himself or through his associates and in conjunction with YouFit, falsely implied that an attorney was actively involved in the collection of the debt.

89.     Aldous' conduct renders him liable for the above-stated violations of the FDCPA.

**WHEREFORE,** Mr. Cruz respectfully requests this Honorable Court enter judgment against the Aldous, jointly and severally with the other Defendants, for:

a.     Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b.     Unspecified actual damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.     Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

d.     Such other relief that this Court deems just and proper

## COUNT IV
## YOUFIT'S VIOLATIONS OF THE FCCPA - Section 559.55, Florida Statutes, *et. seq.*

90.     Mr. Cruz adopts and incorporates paragraphs 1 through 52 as if fully restated herein.

91.     Youfit's conduct violated section **559.72(11), Florida Statutes**, in that YouFit communicated with an alleged debtor under the guise of a law firm by sending an email using the name, electronic stationary, electronic signature block, and Confidential Notice form of an attorney although no actual attorney had reviewed the facts or circumstances of the alleged debt.

92.     YouFit's conduct was willful and intentional.

93.     YouFit's conduct renders it liable for the above-stated violations of the FCCPA.

**WHEREFORE,** Mr. Cruz respectfully requests this Honorable Court enter judgment against YouFit, joint and severally with the other Defendants, for:

a.      Statutory damages of **$1,000.00** pursuant to section 559.77(2), Florida Statutes;

b.      Reasonable costs and attorneys' fees pursuant to pursuant to section 559.77(2), Florida Statutes; and,

c.      Such other relief that this Court deems just and proper.

## COUNT V
## AGENCY'S VIOLATIONS OF THE FCCPA - Section 559.55, Florida Statutes, *et. seq.*

94.     Mr. Cruz adopts and incorporates paragraphs 1 through 52 as if fully restated herein.

95.     Agency's conduct violated section **559.72(11), Florida Statutes**, in that Agency communicated with an alleged debtor under the guise of a law firm by using the name, electronic stationary, electronic signature block, and Confidential Notice form of an attorney although no attorney had reviewed the facts or circumstances of the alleged debt.

96.     Agency's conduct was willful and intentional.

97.     Agency's conduct renders it liable for the above-stated violations of the FCCPA.

**WHEREFORE,** Mr. Cruz respectfully requests this Honorable Court enter judgment against Agency, joint and severally with the other Defendants, for:

a.     Statutory damages of **$1,000.00** pursuant to section 559.77(2), Florida Statutes;

b.     Reasonable costs and attorneys' fees pursuant to pursuant to section 559.77(2), Florida Statutes; and,

c.     Such other relief that this Court deems just and proper.

## COUNT VI
## ALDOUS'S VIOLATIONS OF THE FCCPA - Section 559.55, Florida Statutes, *et. seq.*

98.     Mr. Cruz adopts and incorporates paragraphs 1 through 52 as if fully restated herein.

99.     Aldous's conduct violated section **559.72(11), Florida Statutes**, in that Aldous communicated with an alleged debtor, either himself or through his associates, under the guise of a law firm by using the name, electronic stationary, electronic signature block, and Confidential Notice form of an attorney although no attorney had actually reviewed the facts or circumstances of the case.

100.    Aldous' conduct was willful, intentional as reflected by his website's advertisement suggesting that such conduct motivated debtors to pay more quickly.

101.    Aldous' conduct renders him liable for the above-stated violations of the FCCPA.

**WHEREFORE,** Mr. Cruz respectfully requests this Honorable Court enter judgment against Aldous, joint and severally with the other Defendants, for:

a.     Statutory damages of **$1,000.00** pursuant to section 559.77(2), Florida Statutes;

b.      Reasonable costs and attorneys' fees pursuant to pursuant to section 559.77(2), Florida Statutes; and,

c.      Such other relief that this Court deems just and proper.

## JURY TRIAL DEMANDED

Mr. Cruz hereby demands a jury trial on all issues so triable.

Respectfully submitted this <u>10th</u> day of April 2015, by:


/s/ Bobbi Madonna
Bobbi Madonna
Florida Bar # 0056265
Seraph Legal, P.A.
2002 E. 5th Avenue, Suite 104
Tampa, FL 33605
(813) 567-1230
bmadonna@seraphlegal.com
Attorney for Eric Cruz

# EXHIBIT A
## AGENCY'S CONSUMER COLLECTION AGENCY LICENSE RECORD



4/6/2015                                    Florida Office of Financial Regulation

FLORIDA OFFICE of FINANCIAL REGULATION

Smart, Efficient and Effective Regulation

Home    About OFR    Apply for a License    Verify a License    File a Complaint    News    Research Resources

### License Search Results Detail

| | |
|---|---|
| License Name: | ALDOUS & ASSOCIATES, PLLC |
| DBA Name: | |
| License Type: | Consumer Collection Agency |
| Status: | Approved |
| Status Effective Date: | 12/18/2014 |
| Original Date of License: | 11/21/2013 |
| License Number: | CCA9903256 |
| License Expiration Date: | 12/31/2015 |
| License Main Address: | |
| Street: | 4659 S 2300 E SUITE 104 |
| City: | HOLLADAY |
| State: | UT |
| Zip Code: | 84117 |
| License Mailing Address: | |
| Street: | PO BOX 171374 |
| City: | HOLLADAY |
| State: | UT |
| Zip Code: | 84117 |
| Phone Number: | |

Search for Final Orders

[ New Search ]    [ Return to Search Results ]

Accessibility                          Contact Us                          Site Map
                                    (850) 487-9687

https://real.flofr.com/ConsumerServices/SearchLicensingRecords/SearchDetail.aspx?licNum=CCA9903256&licDesc=CCA          1/1

# EXHIBIT B
## UTAH'S SEC. OF STATE AGENCY INFORMATION

4/6/2015                          Entity Details: ALDOUS & ASSOCIATES, PLLC - Utah Business Search - Utah.gov

## ALDOUS & ASSOCIATES, PLLC

**Entity Number:** 7942820-0162
**Company Type:** LLC - Professional
**Address:** Unknown, NA 00000
**State of Origin:**
**Registered Agent:** JEFFREY N ALDOUS
**Registered Agent Address:**
4262 IMPERIAL WAY
Provo, UT 84604

Status: Active

**Status:** Active ○ *as of 04/11/2013*
**Renew By:** 03/31/2016
**Status Description:** Good Standing
The "Good Standing" status represents that a renewal has been filed, within the most recent renewal period, with the Division of Corporations and Commercial Code.
**Employment Verification:** Not Registered with Verify Utah

History

**Registration Date:** 03/14/2011
**Last Renewed:** 01/21/2015

Additional Information

**NAICS Code:** 5411 **NAICS Title:** 5411-Legal Services

<< Back to Search Results

| Search by: | Business Name | Number | Executive Name | Search Hints |
|---|---|---|---|---|

Business Name:

# EXHIBIT C
## APRIL 2, 2015 EMAIL

From: **Youfit** <info@youfithealthclubs.com>
Date: Thu, Apr 2, 2015 at 2:54 PM
Subject: IMPORTANT: Information Regarding Your Youfit Membership
To: ▬▬▬▬▬ Redacted ▬▬▬▬▬

If you're having trouble viewing this email, you may see it online.

Share this:  



| Visit Youfit.com | Questions Call 888-YouFit |
| --- | --- |

## Important Information Regarding Your Membership

Greetings ERIC CRUZ ,

We at Youfit Health Clubs value you and your health and fitness. Unfortunately, on 5/7/2014, your agreement fell behind on payments and was placed with our legal collection effort, Aldous & Associates. In an effort to make the process easier for you, we have directed and authorized Aldous & Associates to offer you the below two options to resolve your past due balance. We appreciate your business and hope to see you again at Youfit Health Clubs!

**ALDOUS & ASSOCIATES, P.L.L.C. | Attorneys at Law**
**P.O. Box 171374, Holladay, UT 84117-1374**
**1.888.221.5155**

You will be permitted to clear your obligation on your past due amount by selecting one of the two options below.

### <u>YOUFIT ONE-TIME AMNESTY PROGRAM:</u>
TODAY YOU HAVE A CURRENT BALANCE OF $406.79 .
YOUR ACCOUNT # IS YF900000006167.

#### Option 1: JUST $99 (best value)
*TO CLEAR YOUR DEBT & RECEIVE A COMPLIMENTARY*
*ONE-YEAR MEMBERSHIP TO YOUFIT HEALTH CLUBS ($208 VALUE).*

#### Option 2: JUST $50
*TO CLEAR YOUR ACCOUNT OF DEBT & PAST DUE AMOUNT WITH YOUFIT*
*HEALTH CLUBS. THIS IS $356.79 LOWER THAN THE CURRENT BALANCE.*



# EXHIBIT C
## APRIL 2, 2015 EMAIL

### THESE AMNESTY OFFERS ARE ONLY AVAILABLE UNTIL APRIL, 30 2015.

Be sure to fill in your full account number listed above on this notice. Upon receipt of this payment, your past due agreement will be "Settled in Full," and you will be released from further payment obligation.

Sincerely,
Aldous & Associates, P.L.L.C. – Attorneys at Law

**THIS IS AN ATTEMPT TO COLLECT A DEBT: ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.  THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

*Our original letter to you stated:  If you request in writing proof of the debt or the name and address of the original creditor within the thirty (30) day period which begins with your receipt of this letter, the law requires me to suspend my efforts to collect the debt until I mail the requested information to you.

OUR ATTORNEYS ARE ADMITTED TO PRACTICE IN ONE OR MORE OF THE FOLLOWING:

NEW YORK**, LOUISIANA*, PENNSYLVANIA*, AND UTAH*.
VISIT WWW. ALDOUSLEGAL.COM FOR MORE INFORMATION. SE HABLA ESPANOL.

NEW YORK CITY DCA LICENSE #: 2004462-DCA

**CONFIDENTIALITY NOTICE:** This communication and any accompanying document(s) are confidential and privileged. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or waive the attorney-client privilege as to this communication or otherwise. If you have received this communication in error, please contact us by telephone at 801-272-5281. Thank you.

6161 9th Ave No. | St. Petersburg, FL 33710 US

This email was sent to [Redacted]. To ensure that you continue receiving our emails, please add us to your address book or safe list.

manage your preferences | **opt out** using **TrueRemove**®.

Got this as a forward? **Sign up** to receive our future emails.

POWERED BY
emma

# EXHIBIT D
## WEBSTER'S LEARNER'S DEFINITION OF "COMPLIMENTARY



4/7/2015                    Complimentary - Definition for English-Language Learners from Merriam-Webster's Learner's Dictionary

### Learner's Dictionary

☰ | complimentary | ✕ 🔍

**complimentary** 🔊                                                          Save
/ˌkɑːpləˈmɛntəri/                                                            ⭐
*adjective*

**1 :** expressing praise or admiration for someone or something

   [+] Example sentences

**2 :** given for free

   [+] Example sentences

---

◊ Do not confuse *complimentary* with *complementary*.

---

💬 **Comments & Questions**

What made you want to look up *complimentary*? Include any comments and questions you have about this word.

http://www.learnersdictionary.com/definition/complimentary                                                1/2

# EXHIBIT D
## WEBSTER'S LEARNER'S DEFINITION OF "COMPLIMENTARY

**0 Comments**   Learner's dictionary                                             ● Login ▾

❤ Recommend        ⬈ Share                                              Sort by Best ▾

| | |
|---|---|
| 👤 | Start the discussion… |

Be the first to comment.

✉ Subscribe      ⊘ Add Disqus to your site      ▷ Privacy

# EXHIBIT E
## ALDOUS AND ASSOCIATES' WEBSITE



About Us    Payments    Blog    Contact Us    FAQ    Typo and hit enter

**CALL FOR DEBT COLLECTION SERVICES IN ANY INDUSTRY**
# (801) 930-1250






**TIPPING THE SCALES IN YOUR FAVOR**

We have the power of a law office combined with the efficiency of a call center.

Law offices just send out letters. Call centers just make calls. Well, we do both - and better than anyone else.

A Law Firm with Attorneys Admitted to Practice in Utah and Louisiana, and affiliated with nationwide Attorney networks with access to firms across the country. Aldous & Associates focuses on debt collection through voluntary means and, if necessary, post judgement work.


### Leaders in the Telecom Industry
We provide professional legal counsel for accounts receivable – including recovery work on deactivated accounts.


### No Cancellation Fees
Our clients are free to cancel our services at any time. We're confident enough in our abilities and business model to offer this flexibility. This applies to individual accounts that are placed with us in error that need to be closed.


### Power of Attorney
The debtor will be contacted via outbound calls from our Law office and an attorney letter. Once debtor receives this legal communication, they are very motivated and serious about resolving issue.


### No Sliding Scale
We use a pre-determined percentage split instead of a sliding scale. This percentage does not change unless the account is escalated to legal action.


### Your Bottom Line
Current clients are achieving over 200% increase in collections each month versus their previous efforts from agencies and law firms.


### Credit Reporting
Accounts reported negatively to credit bureaus are affected for up to 7 years. A lot can happen in that time to motivate an individual to resolve the debt.